## WILKERSON vs. MOULDER.

3. In an action in the nature of an ejectment, it is competent for the plaintiff to prove that the defendant, at the time he executed a deed relied on by the plaintiff, stated that the land conveyed, was the same on which the defendant then lived. There being no variance between the deed conveying the lands, and the declaration describing them, it was only incumbent on the plaintiff to show their identity with the land possessed by the defendant. It was clearly competent for the plaintiff to use the defendant's declarations, as evidence of that fact, if he saw proper.

ERROR to Mississippi Circuit Court.

J. D. Cook, for defendant in error.

Identity of the land and possession by the defendant, may be proved by admission of defendant, or by other parol proof: 2 Greenleaf on Evidence, sec. 308.

Scott, J., delivered the opinion of the court.

This was an action in the nature of an ejectment, brought by the plaintiff to recover possession of a tract of land, in which the defendant obtained judgment, to recover which, this writ of error is sued out.

The defence amounted to the general issue, and on the trial, in support of his action, the plaintiff read in evidence a deed from the defendant to him, conveying the land described in his declaration. He then introduced a subscribing witness to the deed, by whom it was proposed to prove that the defendant stated at the time of the conveyance, that the land conveyed was the same on which he then lived, and who further proved, that the defendant had continued to reside on the same land from the sale thereof until the time of trial. The testimony offered was excluded by the court, to which an exception was taken, and judgment was rendered for the defendant.

It is impossible to conjecture the reason for excluding the evidence offered by the plaintiff. There being no variance between the deed conveying the lands, and the declaration describing them, it was only incumbent on the plaintiff to show their identity with the land possessed by the defendant. It was clearly competent for the plaintiff to use the defendant's declarations as evidence of this fact, if he saw proper. The declarations of an adversary are admissible on every principle. The weight of the admission would seem sufficient to establish the fact of identity. We may presume, that when one speaks of the township,

range, section and sub-division of the section on which he resides, he has correct information on the subject.

The other judges concurring, the judgment will be reversed and the cause remanded.